Posr v. Ueberbacher

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT:
>ROSEMARY S. POOLER,
>PETER W. HALL,
>>*Circuit Judges.*[*]

---

POSR A. POSR,

>*Plaintiff-Appellant*,

>v.                                                                   13-2707

UEBERBACHER, Police Officer, *et al.*,

>*Defendants-Appellees*,

STATE OF NEW YORK, *et al.*,

>*Defendants.*

---

[*] The Honorable Raymond J. Lohier, Jr., who was a member of this panel, has recused himself from considering this matter. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR PLAINTIFF-APPELLANT:**  Posr A. Posr, *pro se*, Wilmington, DE

**FOR DEFENDANTS-APPELLEES:**  Marta B. Ross, New York City Law Department, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Posr A. Posr, proceeding *pro se*, appeals the district court's dismissal of his complaint upon Appellees' motion for summary judgment on the majority of his claims and judgment on the pleadings as to his remaining claims. We assume familiarity with the facts and underlying proceedings.

We review *de novo* district court grants of summary judgment and judgment on the pleadings. *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 914, 922 (2d Cir. 2010). Summary judgment is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* at 914 (internal quotation marks omitted). We are "required to resolve all ambiguities and draw all factual inferences in favor of the [nonmovant]." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). In order to survive a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bank of N.Y.*, 607 F.3d at 922 (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment and judgment on the pleadings. We affirm for substantially the same reasons stated by the district court in its June 3, 2013 opinion and order.

We have considered Posr's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk